UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CARTRAILL LOVE,<br><br>Plaintiff,<br><br>v.<br><br>KOCH FAMILY FOUNDATION, et al.,<br><br>Defendants. | No. 2:25-cv-01629-DJC-AC<br><br><br>MOTION FOR TEMPORARY RESTRAINING ORDER |

Plaintiff Cartraill Love has filed a Motion for Temporary Restraining Order seeking an order "enjoin[ing] Defendants from further use of a phonetically identical mark . . . ." (Mot. (ECF No. 2) at 1.) Plaintiff alleges that he is the owner of the registered trademark "MOVE MEANT MUSIC" and that Defendants have also filed applications to register "MOVEMENTMUSICK" and "MOVEMENT MUSICK" as trademarks. (*Id.*) Plaintiff claims that Defendants' MOVEMENTMUSICK and MOVEMENT MUSICK marks infringe on his MOVE MEANT MUSIC mark.

Plaintiff's present Motion for Temporary Restraining Order seeks injunctive relief preventing Defendants from utilizing the MOVEMENTMUSICK MOVEMENT MUSICK marks, specifically in connection with "Somewhere Fest" which is a music festival occurring on June 13–14, 2025. (*Id.* at 1–2.) Plaintiff claims that Defendants'

1

1  usage of their marks in connection with Somewhere Fest will cause him irreparable

2  harm due to the likelihood of confusion between Defendants' marks and Plaintiff's

3  mark and the temporal proximity of Somewhere Fest to a performance Plaintiff is

4  scheduled to give on June 21, 2025.  (*Id.* at 2.)

5        For the reasons stated below, Plaintiff's Motion for Temporary Restraining

6  Order is DENIED.

7  **LEGAL STANDARD**

8        A temporary restraining order may be issued upon a showing "that immediate

9  and irreparable injury, loss, or damage will result to the movant before the adverse

10  party can be heard in opposition."  Fed. R. Civ. P. 65(b)(1)(A).  The purpose of a

11  temporary restraining order is to preserve the status quo and to prevent irreparable

12  harm "just so long as is necessary to hold a hearing, and no longer."  *Granny Goose*

13  *Foods, Inc. v. Bhd. of Teamsters*, 415 U.S. 423, 439 (1974).

14        In determining whether to issue a temporary restraining order, courts apply the

15  factors that guide the evaluation of a request for preliminary injunctive relief, which

16  are: (1) a likelihood of success on the merits; (2) irreparable harm in the absence of

17  preliminary relief; (3) the balance of equities; and (4) the public interest.  *See Winter v.*

18  *Natural Res. Def. Council, Inc.,* 555 U.S. 7, 20 (2008); *see also Stuhlbarg Int'l Sales Co.*

19  *v. John D. Brush & Co.,* 240 F.3d 832, 839 n.7 (9th Cir. 2001) (explaining that the

20  analysis for temporary restraining orders and preliminary injunctions is "substantially

21  identical").  The Ninth Circuit also employs the "serious questions" test, which states

22  "'serious questions going to the merits' and a balance of hardships that tips sharply

23  towards the plaintiff can support issuance of a preliminary injunction, so long as the

24  plaintiff also shows that there is a likelihood of irreparable injury and that the

25  injunction is in the public interest."  *All. for Wild Rockies v. Cottrell*, 632 F.3d 1127,

26  1135 (9th Cir. 2011).

27  *////*

28  *////*

2

1    **DISCUSSION**

2       Plaintiff's present Motion for Restraining Order is made ex parte.  (Mot at 15.)

3    Ex parte temporary restraining orders are only granted in limited situations.  Federal

4    Rule of Civil Procedure 65(b)(1) states:

5           The court may issue a temporary restraining order without
            written or oral notice to the adverse party or its attorney
6           only if:

7

8              (A) specific facts in an affidavit or a verified
                   complaint clearly show that immediate and
9                  irreparable injury, loss, or damage will result to
                   the movant before the adverse party can be
10                 heard in opposition; and

11             (B) the movant's attorney certifies in writing any
12                 efforts made to give notice and the reasons why
                   it should not be required.
13

14       The Supreme Court has described Rule 65 as placing "stringent" restrictions on

15   the availability of ex parte temporary restraining orders.  *Granny Goose Foods, Inc. v.*

16   *Teamsters*, 415 U.S. 423, 438–39 (1974); *see also* Local Rule 231(a) ("Except in the

17   most extraordinary of circumstances, no temporary restraining order shall be granted

18   in the absence of actual notice to the affected party and/or counsel, by telephone or

19   other means, or a sufficient showing of efforts made to provide notice.").  While ex

20   parte restraining orders are necessary in some cases, exceptions to the general

21   expectation of notice are limited.  *See id.*; *see also Reno Air Racing Ass'n v. McCord*,

22   452 F.3d 1126, 1131 (9th Cir. 2006).  These exceptions are especially limited in

23   situations where it was possible to provide notice to the adverse party, but notice was

24   still not given.  *See id.* ("In cases where notice could have been given to the adverse

25   party, courts have recognized a very narrow band of cases in which ex parte orders

26   are proper because notice to the defendant would render fruitless the further

27   prosecution of the action." (internal citations and quotations omitted)).  A request for

28   ////

3

1 the issuance of a temporary restraining order without notice must be supported by a

2 written certification as to why notice should not be granted.

3   Here, Plaintiff seeks the ex parte issuance of a temporary restraining order but

4 fails to provide support for why the Court should exempt Plaintiff from the notice

5 requirement.  Plaintiff's declaration, provided with his Motion, only states that "[t]he

6 defendants have been on notice since April, have ignored reasonable demands, and

7 are now rushing forward with massive public branding that directly conflicts with my

8 mark." (Mot. at 15.)  The "notice" Plaintiff mentions appears to be a reference not to

9 notice of the present motion but to notice of Plaintiff's claim that Defendants were

10 infringing on his registered trademark.  (*See* Mot. at 12 ("Defendants received formal

11 notice through cease-and-desist letters (April 23 and 30, 2025), acknowledged by

12 counsel on May 1, 2025.").)

13   That Defendants may have been aware that Plaintiff believed they were

14 infringing on the MOVE MEANT MUSIC mark does not create extraordinary

15 circumstances justifying ex parte relief and cannot justify Plaintiff's failure to provide

16 adequate notice to Defendants.  This is especially true given that Plaintiff was

17 apparently aware of the alleged infringement since at least early April and had

18 successfully contacted Defendants with cease and desist letters.  Plaintiff was clearly

19 capable of providing notice to Defendants and Plaintiff has not provided any valid

20 reason for why the Court should excuse the notice requirement.  As such, Plaintiff's

21 motion must be denied for failure to provide Defendants with notice or establish why

22 no notice should be given to Defendants.  *See Reno Air Racing*, 452 F.3d at 1130–32;

23 *see also* Fed. R. Civ. P. 65(b); Local Rule 231(a).

24 ////

25 ////

26 ////

27 ////

28 ////

Accordingly, Plaintiff's Ex Parte Motion for Temporary Restraining Order (ECF No. 2) is DENIED.

IT IS SO ORDERED.

Dated:   **June 13, 2025**

Hon. Daniel J. Calabretta
UNITED STATES DISTRICT JUDGE

DJC1 – love25cv01629.TRO