UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CARTRAILL LOVE, | No. 2:25-cv-1629 DJC AC PS |
| Plaintiff, | |
| v. | ORDER |
| KOCH FAMILY FOUNDATION, et al., | |
| Defendants. | |

Plaintiff, who is proceeding in pro se,[1] has filed a request to seal documents. ECF No. 3. Specifically, he seeks to maintain under seal the declaration included in support of his motion for a temporary restraining order (ECF No. 2 at 10-15). Plaintiff wishes to protect from disclosure references to his financial, emotional, and physical situation that he included in his request to waive financial obligations associated with a TRO and that he used to express the urgency of his case. ECF No. 3 at 1.

Under Local Rule 141, "[d]ocuments may be sealed only by written order of the Court, upon the showing required by applicable law." L.R. 141(a) (E.D. Cal. 2023). A party seeking to seal documents "shall submit ... a 'Notice of Request to Seal Documents,' a 'Request to Seal Documents,' a proposed order, and all documents covered by the request." L.R. 141(b). Plaintiff did not comply with the procedural requirements of the Local Rule.

---

[1] This case was accordingly referred to the undersigned for all pre-trial proceedings pursuant to Local Rule 302(c)(21). Plaintiff has paid the filing fee.

1

There is a presumptive right of public access to court records based upon the common law and the first amendment. See Nixon v. Warner Commc'ns, Inc., 435 U.S. 589, 597 (1978); Phillips ex rel. Estates of Byrd v. General Motors Corp., 307 F.3d 1206, 1212-13 (9th Cir. 2002). "Unless a particular court record is one traditionally kept secret, a strong presumption in favor of access is the starting point." Kamakana v. City & County of Honolulu, 447 F.3d 1172, 1178-80 (9th Cir. 2006) (citing Foltz v. State Farm Mut. Auto. Ins. Co., 331 F.3d 1122, 1135 (9th Cir. 2003)). A party seeking to seal a judicial record must overcome the strong presumption by meeting the "compelling reasons" standard. Foltz, 331 F.3d at 1135. That is, the party must "articulate[ ] compelling reasons supported by specific factual findings," id. (citing San Jose Mercury News, Inc. v. U.S. Dist. Ct., 187 F.3d 1096, 1102–03 (9th Cir. 1999)), that outweigh the general history of access and the public policies favoring disclosure, such as the "'public interest in understanding the judicial process.'" Hagestad v. Tragesser, 49 F.3d 1430, 1434 (9th Cir. 1995) (quoting EEOC v. Erection Co., 900 F.2d 168, 170 (9th Cir. 1990)). Accordingly, the court must "conscientiously balance[ ] the competing interests" of the public and the party who seeks to keep certain judicial records secret. Foltz, 331 F.3d at 1135. After considering these interests, if the court decides to seal certain judicial records, it must "base its decision on a compelling reason and articulate the factual basis for its ruling, without relying on hypothesis or conjecture." Hagestad, 49 F.3d at 1434 (citing Valley Broadcasting Co. v. U.S. Dist. Court, 798 F.2d 1289, 1295 (9th Cir. 1986)).

Here, plaintiff has not met his burden under these high standards. Plaintiff's request to seal is generalized and non-specific (ECF No. 3 at 1), and upon review of the document plaintiff references, the court finds no particularly sensitive information. The information plaintiff wishes to protect relates to his general financial condition and the negative physical and emotional impacts he claims are the result of defendants' legal violations. ECF No. 2 at 13. This type of information is not typically maintained under seal, and plaintiff has provided no compelling

////

////

////

reasons why it should be in this case.  The request to seal (ECF No. 3) is accordingly DENIED.

IT IS SO ORDERED.

DATED: June 25, 2025

_____
ALLISON CLAIRE
UNITED STATES MAGISTRATE JUDGE

3